IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES N. EVANS,<br><br>              Plaintiff,<br><br>v.<br><br>JERRY FRICKER,<br>CHRISTIAN LANE,<br>TARA WALLACE,<br>TODD P. BITTLE, and<br>JANE OR JON DOE,<br><br>              Defendants. | Case No. 24-cv-02638-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff James Evans, an inmate of the Illinois Department of Corrections, filed this action pursuant to 42 U.S.C. § 1983, 28 U.S.C. §§1346, 2671-2680, and 42 U.S.C. §1985 for violations of his rights that occurred while at Hardin County Jail. This case is now before the Court for screening of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. *Id.*

### THE COMPLAINT

Plaintiff alleges that he was unconstitutionally held in custody at Hardin County Jail from December 15, 2022, through January 27, 2023. (Doc. 1, p. 7). Plaintiff states that he was subjected to a warrantless arrest on December 15, 2022. (*Id.* at p. 9). On December 16, 2022, Judge Tara Wallace made a probable cause determination by "way of a 'phone call'" with States Attorney Todd Bittle without the support of an affidavit, complaint, charging instrument, or arrest report. (*Id.* at p. 9, 10, 14). The police arrest report, written by Deputy Sheriff Christian Lane, was not

issued until December 19, 2022; four days after the phone call between Judge Wallace and Bittle. (*Id.*). The official court finding of probable cause document was dated and entered by Judge Wallace on December 20, 2022. (*Id.* at p. 29).

Plaintiff was initially charged with unlawful possession of methamphetamine and unlawful possession of a stolen vehicle. (Doc. 1, p. 29). Plaintiff refutes both charges. He states that he had lawfully borrowed the car from the owner, which is why the unlawful possession of a stolen vehicle charge was eventually dropped. (*Id.* at p. 15). He asserts that the unlawful possession of methamphetamine charge was "made up to guarantee detention." (*Id.* at p. 13, 15). He believes that the methamphetamine was planted in the vehicle. (*Id.* at p. 19).

At the preliminary hearing held on January 13, 2023, Plaintiff alleges that Deputy Sheriff Lane did not testify, preventing Plaintiff from confronting him. (Doc. 1, p. 11). Sheriff Fricker gave false and perjured testimony. (*Id.* at p. 7). Fricker stated that when the vehicle was inventoried substance was found between the seats of the car Plaintiff was driving at the time of the arrest that tested positive for methamphetamine. (*Id.* at p. 11). Plaintiff points out that the arrest report written by Lane does not record that a substance was found in the vehicle "at the scene of arrest." (*Id.* at p. 12). He argues that the substance was not found until after the vehicle was placed in the possession of the towing company, breaking the chain of custody. Plaintiff believes that the towing company had motive to plant evidence in the vehicle because of "the potential storage fees which could accrue, if the BMW is stored until a trial date, reaping great monetary benefits." (*Id.*). Plaintiff argues that the car should have been inventoried prior to the vehicle being towed. (*Id.* at p. 13).

Although Plaintiff asserts that the methamphetamine charge was "bogus," he states that he took an "open plea" so that he could be released from jail immediately, receive medical treatment for free, and hire a real lawyer. (Doc. 1, p. 13). After his release from jail, Plaintiff notified his

appointed public defender to withdraw the plea agreement, and he demanded access to all discovery. (*Id.* at p. 20). As of December 2024, even after filing motions with Judge Wallace, Plaintiff still has not received his discovery documents. (*Id.* at p. 15, 20). His public defender did not file a motion to withdraw the plea of guilt and vacate conviction. (*Id.* at p. 20).

## PRELIMINARY DISMISSALS

First, the Court dismisses all claims against Judge Wallace. Plaintiff claims that Wallace violated his constitutional rights protected by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments by wrongly finding probable cause based on a phone call with States Attorney Bittle on December 16, 2022, without any type of arrest report, supporting document, or affidavit and then by not setting bail and not issuing a finding of probable cause until December 20, 2022, resulting in unlawful detention. (Doc. 1, p. 14, 15). Plaintiff further asserts that Judge Wallace violated his due process rights by denying his motion seeking post-trial discovery. (*Id.* at p. 15). Plaintiff, however, cannot pursue claims against Judge Wallace for these decisions because they were made within the scope of her judicial capacity. Wallace, as a judge, has absolute immunity from civil liability in the performance of her judicial functions. *Killinger v. Johnson*, 389 F.3d 765, 770 (7th Cir. 2004); *John v. Barron*, 897 F.2d 1387, 1391 (7th Cir. 1990). Accordingly, all claims against Judge Wallace are dismissed.

Second, the Court dismisses all claims against States Attorney Todd Bittle. Plaintiff alleges that Bittle violated his constitutional rights protected by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments by choosing to proceed on charges alleged in the December 20, 2022, charging instrument – unlawful possession of a stolen vehicle and methamphetamine – based on weak and false evidence in order to meet a convictions quota. (Doc. 1, p. 16, 18). Plaintiff asserts that Bittle should have known that the two other individuals who were with him at the time of his arrest were desperate drug addicts who needed to steel wire from an abandoned house and used

Plaintiff as a patsy to drive them to the house. (*Id.* at p. 16). Plaintiff also states that it is suspicious that he was charged with unlawful possession of a stolen vehicle when the owner gave him permission to borrow the car, the address associated with the car matched the address on his contacts prescription inside the car, and the owner of the car eventually collected a $15,000 check from the insurance company to replace the vehicle. (*Id.* at p. 18). Plaintiff says he was again used as a patsy and "never saw it coming." (*Id.* at p. 17). He claims that Bittle knew that the drug evidence against him was "pathetic." (*Id.* at p. 19). Plaintiff asserts that the drugs were planted in the car by an unknown individual and were never tested. (*Id.*).

"Prosecutors are absolutely immune from suits for monetary damages under §1983 for conduct that is 'intimately associated with the judicial phase of the criminal process." *Smith v. Power,* 346 F. 3d 740, 742 (7th Cir. 2003) (quoting *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976)). "[A]bsolute immunity shields prosecutors even if they act 'maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence.'" *Id.* (quoting *Henry v. Farmer City State Bank,* 808 F. 2d 1228, 1238 (7th Cir. 1986)). Authorizing and prosecuting charges against Plaintiff is "within the core of what is protected by prosecutorial immunity," *Bailey v. Jezierski,* No. 23-cv- 85 JD, 2023 WL 4203191, at *7 (N.D. Ind. 2023), and Plaintiff cannot proceed with his claims against Bittle.

The Court dismisses all claims against Jane or John Doe, chairman of the Hardin County Board of Trustees. Plaintiff claims that the Jane or John Doe violated his rights protected by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments by implementing a policy requiring pretrial detainees to sign a document releasing Hardin County from liability for the payment of medical treatment received while in custody. (Doc. 1, p. 20, 48).

Plaintiff does not assert any facts from which the Court can infer that John Doe acted objectively unreasonable with regards to Plaintiff's medical needs. *See Miranda v. County of Lake,*

900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson,* 576 U.S. 389 (2015)). He does not describe any kind of medical condition requiring treatment, and he does not assert that he was denied medical care because of the document or payment policy. Plaintiff does not claim that he was financially unable to pay for necessary medical treatment, and "the Constitution does not require free medical care." *Crane v. Childress,* No. 22-cv-1153, 2023 WL 3306533, at *5 (C.D. Ill. May 8, 2023) (citing *Poole v. Isaacs,* 703 F. 3d 1024, 1027 (7th Cir. 2012)). Accordingly, Plaintiff has failed to state a claim for being forced to sign the form regarding medical costs while in custody.

To the extent Plaintiff is bringing any of his remaining claims under the Eighth Amendment, such claims are dismissed. Because Plaintiff was not convicted during the time alleged in the Complaint, he may not be punished by the state "in any way," and his claims will be governed by either the Fourth or Fourteenth Amendment, where applicable. *See Wilson v. Williams,* 83 F. 3d 870, 875 (7th Cir. 1996).

Finally, the Court dismisses Plaintiff's claims that his rights were violated under the Fifth Amendment and the equal protection clause. (Doc. 1, p. 7, 8, 9, 11). He offers no additional facts in support of these claims, and so, the claims of equal protection and Fifth Amendment violations are dismissed. *See Ashcroft v. Iqbal,* 556 U.S. 662, (2009) (the court need not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements."). *See also Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013).

### DISCUSSION

Based on Plaintiff's allegations and his articulation of his claims, the Court designates the following counts:

**Count 1:** Fourth Amendment claim against Fricker and Lane for delaying Plaintiff's judicial determination of probable cause following a warrantless arrest.

| | |
|---|---|
| **Count 2:** | Fourth Amendment claim against Fricker and Lane for providing false evidence to the court during Plaintiff's preliminary hearing on January 13, 2023, resulting in unlawful detention.[1] |
| **Count 3:** | Sixth Amendment claim against Fricker and Lane for depriving Plaintiff of his right to confront a witness at his preliminary hearing. |
| **Count 4:** | Fourth/Fourteenth Amendment claim against Fricker for forcing Plaintiff to sign the medical form releasing Hardin County from liability for medical costs. |

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[2] pleading standard.**

### Count 1

Plaintiff alleges that he was arrested without a warrant on December 15, 2022, the police report was not completed until December 19, 2022, and the official judicial probable cause determination was not filed until December 20, 2022. This allegation is sufficient at screening to allow Plaintiff to proceed on a violation of his Fourth Amendment right. *See Gerstein v. Pugh,* 420 U.S. 103, 126 (1975) ("a timely judicial determination of probable cause as a prerequisite to detention" is required by the Fourth Amendment); *Cty. of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991) ("a jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of *Gerstein*."); *Carter v. Doyle,* 95 F. Supp. 2d 851, 861 (N.D. 2000) ("It seems clear that probable cause sufficient for an extended restraint of liberty following a warrantless arrest may not be determined solely on the

---

[1] To the extent Plaintiff is bringing Counts 1 and 2 separately under the Fourteenth Amendment, such claims are dismissed. In *Lewis v. City of Chicago,* the Seventh Circuit held that "a §1983 claim for unlawful pretrial detention rests *exclusively* on the Fourth Amendment." 914 F. 3d, 472, 478 (7th Cir. 2019).
[2] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

basis of an unsworn proffer by the state's attorney consistent with the Fourth Amendment.").

### Count 2

Plaintiff claims that meth was planted in the vehicle by "someone" and that the unlawful possession of meth charge "was totally fabricated so to detain [him], charge him, and get a bogus conviction." (Doc. 1, p. 13, 14). Plaintiff asserts that the police report written by Sheriff's Deputy Lane contains a "perjured sworn" statement by Lane. (*Id.* at p. 11). In the police report, Lane records that he found a "crushed up crystal like substance" on the floorboard after he conducted an inventory of the vehicle. (*Id.* at p. 12). Plaintiff argues that the police report does not include important details, including that the substance was not found at the scene of the arrest but later after the car had already been towed, who actually found the substance, and who tested the substance. (*Id.*). At the preliminary hearing, Sheriff Fricker falsely testified that a "[t]here was a substance that was crushed up between the seat and the console that tested positive for methamphetamine." (*Id.* at p. 11). Plaintiff asserts that based on the police report and Fricker's testimony, Plaintiff was wrongfully detained prior to trial.

Plaintiff's claim that Defendants presented fabricated evidence that resulted in his unlawful detention prior to trial is dismissed. The *Heck* doctrine prohibits civil collateral attacks against criminal judgments. *Heck v. Humphrey,* 512 U.S. 477 (1994). Plaintiff cannot obtain damages under Section 1983 if a judgment in his favor "would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. Because Plaintiff ultimately pled guilty to the possession of the methamphetamine claimed by Defendants to have been found in the vehicle, to find that Defendants planted the meth or falsely recorded its presence in the vehicle would impact Plaintiff's conviction. "There is no logical way to reconcile the [Fourth Amendment] claim with a valid conviction." *Savory v. Cannon,* 947 F. 3d 409, 417 (7th Cir. 2020). *See also Sanders v. St. Joseph Cnty, Indiana,* 806 F. App'x 481, 484 n. 2 (7th Cir. 2020). For these reasons, Count 2 is dismissed.

**Count 3**

Plaintiff asserts that because Sheriff Fricker testified at his preliminary hearing, rather than Deputy Sheriff Lane, who was the arresting officer and who wrote the police report, he was denied his right to confront a witness.

The "right to confrontation is a *trial* right," *Pennsylvania v. Ritchie*, 480 U.S. 39, 52 (1987) (emphasis in original), and does not "provide a confrontation right at a preliminary hearing." *U.S. v. Andrus,* 775 F. 2d 825, 836 (7th Cir. 1985). *See also Barber v. Page,* 390 U.S. 719, 725 (1968)("The right to confrontation is basically a trial right. It includes both the opportunity to cross-examine and the occasion for the jury to weigh the demeanor of the witness."); *U.S. v. Hernandez*, 778 F. Supp. 2d 1211, 1225 (D. New Mexico 2011) ("the Sixth Amendment does not apply to pretrial proceedings" (citing *Peterson v. California*, 604 F. 3d 1166, 1169-1170 (9th Cir. 2010)). Accordingly, Count 3 is dismissed.

**Count 4**

Plaintiff states that his constitutional rights were violated when Fricker forced him to sign the form stating that Hardin County would not be liable for any medical costs incurred while Plaintiff was in custody. (Doc. 1, p. 8).

Prior to a probable cause determination, claims of lack of medical care arise under the Fourth Amendment. *See Braun v. Vill. of Palatine,* 56 F. 4th 542, 551 (7th Cir. 2022). "Once a probable cause hearing occurs, an arrestee obtains pretrial detainee status pursuant to the Fourteenth Amendment." *Barley v. Blackford Cnty. Sheriff Dep't,* No. 23-CV-153-HAB-SLC, 2024 WL 1701819, at *1 (N.D. Ind. 2024) (citing *Pulera v. Sarzant,* 966 F.3d 540, 549 (7th Cir. 2020)). Regardless of whether Plaintiff's claim is governed by the Fourth or Fourteenth Amendment, the standard is the same – whether the defendant's conduct was "objectively

unreasonable under the circumstances." *Pulera,* 966 F. 3d at 550 (quotations and citations omitted).

For similar reasons stated above, Plaintiff has failed to state a claim regarding the signing of a medical release form against Fricker. He does not provide any details regarding an objectively serious medical need that he had or a risk of harm that he incurred due to Fricker's conduct. There is nothing in the Complaint from which the Court can infer that Plaintiff's medical care was delayed or denied because he signed the form. "While the Constitution requires objectively reasonable medical care for detainees, and officials cannot deny medical care because a detainee has the inability to pay for services up-front, the Constitution does not require free medical care." *Crane,* 2023 WL 3306533, at *5 (citing *Poole,* 703 F.3d at 1027). Thus, Count 4 is dismissed.

## DISPOSITION

For the reasons set forth above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** shall proceed against Fricker and Lane. **COUNTS 2, 3** and **4** are **DISMISSED**. Because there are no surviving claims against Wallace, Bittle, and Jane or John Doe, they shall be **TERMINATED** as defendants on the docket.

The Clerk of Court **SHALL** prepare for Defendants Fricker and Lane the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the

employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 17, 2025**

 *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is

advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.