IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES EVANS,<br><br>           Plaintiff,<br><br>v.<br><br>JERRY FRICKER, and<br>CHRISTIAN LANE,<br><br>           Defendants. | Case No. 24-cv-02638-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

    This matter is before the Court on a motion filed by Plaintiff James Evans asking the Court to reconsider the dismissal of Count 4 in the Merit Review Order. (Doc. (9, 11). For the following reasons, the motion is denied.

    Under Federal Rule of Civil Procedure 54(b), the Court may revise any order adjudicating fewer than all the claims at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. Motions to reconsider an order under Rule 54(b) are judged largely by the same standards as motions to alter or amend a judgment under Rule 59(e), "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (citation omitted). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

    The Court properly dismissed Count 4 in the Merit Review Order, which was designated as a Fourth/Fourteenth Amendment claim against Sheriff Fricker for forcing Plaintiff to sign a

medical form releasing Hardin County from liability for medical costs. (Doc. 1, p. 6). Plaintiff argues that the Court wrongly dismissed the claim because HIPAA laws were not complied with in issuing the form, his First Amendment right to free speech was chilled, and he was denied the right to have an attorney present. These arguments fail to demonstrate that the Court has made an error of fact or law.

To the extent Plaintiff argues that laws under HIPAA were violated in having him sign the form, he cannot proceed on this theory. There is no private cause of action for HIPAA violations. *Carpenter v. Phillips*, 419 F. App'x 658, 659 (7th Cir. 2011).

Plaintiff claims that signing the medical release form "was cause to chill [his] 1st Amendment right to free speech, address grievances." (Doc. 11, p. 2). A prisoner has the right under the First Amendment to challenge or complain about the conditions of his confinement, and it is unlawful for prison officials to retaliate against a prisoner for exercising this right. *See De Walt v. Carter*, 224 F.3d 607, 618 (7th Cir.2000); *Babcock v. White,* 102 F.3d 267, 274–75 (7th Cir.1996). To state a retaliation claim, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell,* 756 F.3d 983, 996 (7th Cir. 2014).

In his Complaint, however, Plaintiff does not pled facts to support the plausible inference that Fricker took adverse action against him for engaging in activity protected by the First Amendment. Plaintiff claims that Sheriff Fricker told him that if he did not sign the form, he would not receive medical care. (*See* Doc. 1, p. 8). However, signing or refusing "to sign a medical release from responsibility form is not First Amendment activity." *Williams v. Swenson,* No. 14-cv-1594-pp, 2015 WL 5332757, at *7 (E.D. Wisc. Sept. 10, 2015). Furthermore, other than the single threat to not provide medical care unless the form was signed, Plaintiff does not assert any retaliatory

acts on the part of Fricker, as Plaintiff does not claim that he was actually deprived of medical care. *See Higgs v. Carrver,* 286 F. 3d 437, 439 (7th Cir. 2002); *Antoine v. Uchtman,* 275 F. App'x 539 (7th Cir. 2008) (threats and racist statements did not constitute retaliation when guards took no concrete action to dissuade the inmate from filing grievances). Accordingly, Plaintiff has failed to state a First Amendment claim.

And finally, Plaintiff argues that he had a right to have an attorney present during the signing of the "medical release form contract." (Doc. 11, p. 2). This is incorrect. "Although criminal defendants have certain rights to an attorney under the Sixth Amendment, the Sixth Amendment is not implicated here. Sixth Amendment protections apply at 'critical stages' of a criminal prosecution." *McClurg v. Starke Cnty. Justice Cent.,* 21-cv-213 DRL-MGG, 2021 WL 4427197, at *1 n. 1 (N.D. Ind. Sept. 21, 2021) (citing *Montejo v. Louisiana,* 556 U.S. 778, 786 (2009)). Even though Plaintiff was in custody, he did not have a constitutional right to have an attorney present before signing an administrative medical release form, even if the form could be characterized as a contract.

Thus, the Court properly dismissed Count 4 in the Merit Review, and the request to reconsider is **DENIED**. (Doc. 11).

**IT IS SO ORDERED.**

**DATED:   October 23, 2025**

                                                   *s/Stephen P. McGlynn*
                                                   **STEPHEN P. MCGLYNN**
                                                   **United States District Judge**